# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
### EASTERN DIVISION

CONNIE LEWIS, et al.,                    )
                                         )
    Plaintiffs,          )
                                         )
    vs.                  )          Case No. 4:08-CV-00234
                                         )
ARK-LA-TEX FINANCIAL SERVICES, LLC, )
d/b/a BENCHMARK MORTGAGE, et al.,        )
    Defendants.          )

## MEMORANDUM

In their complaint, Plaintiffs, employees of Defendant Benchmark Mortgage ("Benchmark"), allege that Defendants failed to pay them in accordance with the minimum wage and maximum hour provisions of the Fair Labor Standards Act ("FLSA").

This matter comes before the Court on Defendants' motions to dismiss for personal jurisdiction (Doc. #11, filed Apr. 1, 2008; Doc. #27, filed May 1, 2008). Responsive filings have now been filed as to both. For the reasons set forth herein, the Court shall order the dismissal of Defendants Bryan Harlan and Stewart Hunter.

## *LEGAL STANDARD*

When sitting in diversity, federal courts may exercise jurisdiction over non-resident defendants only to the extent permitted by the state's long-arm statute and the Due Process Clause. *Romak USA, Inc. v. Rich*, 384 F.3d 979, 984 (8th Cir. 2004) (quoting *Dever v. Hentzen Coatings, Inc.*, 380 F.3d 1070, 1072 (8th Cir. 2004)). Where its subject matter jurisdiction is premised on the existence of a federal question, a court must determine whether the defendant (i) has been properly served under the forum state's long-arm statute and (ii) has sufficient contacts with the forum so as to satisfy procedural due process. *Enterprise Rent-A-Car Company v. U-Haul Intern., Inc.*, 327 F.Supp.2d 1032, 1036 (D.Mo. 2004) (citing *Omni Capital Int'l, Ltd. v. Rudolf Wolff & Co., Ltd.*, 484 U.S. 97, 104-05 (1987)).

The instant action is premised on both diversity and federal question jurisdiction , 28 U.S.C. §1331 & 29 U.S.C. § 201, *et seq.* Accordingly, Plaintiffs need only prove that Defendants have "minimum contacts" with Missouri " 'such that maintenance of the suit does

not offend traditional notions of fair play and substantial justice.' " *Romak*, 384 F.3d at 984 (quoting *Dever*, 380 F.3d at 1073) (in turn quoting *Burlington Indus., Inc. v. Maples Indus., Inc.*, 97 F.3d 1100, 1102 (8th Cir. 1996)) (internal quotations omitted).

"In judging minimum contacts, a court properly focuses on 'the relationship among the defendant, the forum, and the litigation.' " *Calder v. Jones*, 465 U.S. 783, 788 (1984) (quoting *Shaffer v. Heitner*, 433 U.S. 186, 204 (1977)). Moreover, Defendants must have "purposefully availed" themselves 'of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws.' " *Romak*, 384 F.3d at 984 (quoting *Dever*, 380 F.3d at 1073) (in turn quoting *Hanson v. Denckla*, 357 U.S. 235, 253 (1958)) (internal quotations omitted).

Defendants Harlan and Hunter are both Texas residents and serve as the President and Vice President, respectively, of Benchmark, a limited liability company organized under Texas law. While it is stipulated that Benchmark maintains a branch office and a registered agent in Missouri, Defendants move the Court to dismiss them as parties to this action for lack of personal jurisdiction. Here, the Court must consider whether Defendants "create a 'substantial connection' with the forum State," *Dakota Indus., Inc. v. Dakota Sportswear, Inc.*, 946 F.2d 1384, 1389 (8th Cir. 1991) (quoting *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475 (1985)); so as to reasonably anticipate being hauled into its court.[FN1] *See World-Wide Volkswagen Corp. v. Woodson,* 444 U.S. 286, 295 (1980).

**FN1**. *See Paulucci v. William Morris Agency, Inc.*, 952 F.Supp. 1335,1339-40 (D.Minn. 1997) (random, fortuitous, or attenuated contacts, or those arising from the unilateral activity of a third party will not give rise to personal jurisdiction. Rather, jurisdiction is proper where the contacts proximately result from defendant's own actions, in the forum, in which he deliberately engaged).

Under this framework, courts should examine the totality of circumstances, in light of the following factors:[FN2]

> (1) the nature and quality of defendant's contacts with the forum;
> (2) the quantity of such contacts;
> (3) the relation of the cause of action to the contacts;
> (4) the forum's interest in providing a forum for its residents; and
> (5) the convenience of the parties. *Romak* (citing *Dever*, 380 F.3d at 1073-74) (internal quotation omitted).

With these principles in mind, the Court will examine whether it is appropriate to exercise personal jurisdiction over Defendants Harlan and Hunter.

## ANALYSIS

To prevail on a motion to dismiss for want of personal jurisdiction, a plaintiff must make a prima facie showing of the Court's jurisdiction, and may do so by affidavits, exhibits or other evidence. *Epps v. Steward Info. Serv. Corp.,* 327 F.3d 642, 647 (8th Cir. 2003); *Digi-Tel Holdings, Inc. v. Proteq Telecommunications (PTE), Ltd.*, 89 F.3d 519, 522 (8th Cir. 1996). In passing on the motion, the Court must view the evidence in the light most favorable to the nonmoving party and determine all factual conflicts in its favor.

In response to Defendants' motions, Plaintiffs urge that (I) they have sufficiently stated the Court's jurisdiction, or alternatively, (II) they are entitled time for discovery on the same.

### I. *Personal Jurisdiction*

Plaintiffs base the Court's jurisdiction upon the allegation that Defendants meet the FLSA's definition of employer, 29 U.S.C. § 203(d), by acting directly or indirectly in the interest of Benchmark in relation to its employees, including Plaintiffs. Here, Plaintiffs incorrectly posit that "if [Defendant] is an employer as defined by the FLSA, then the Court has personal jurisdiction," citing *Donovan v. Grim Hotel*, 747 F.2d 966 (5th Cir. 1984), *cert. denied* 471 U.S. 1124 (1985).

---

**FN2**. While the factors must be considered in the aggregate, the first three are to be afforded more weight. *Northrup King. Co. v. Compania Productora Semillas Algodoneras, S.A.*, 51 F.3d 1383, 1388 (8th Cir. 1995).

The Fifth Circuit in *Donovan* held that a corporate officer could be sued in his personal capacity, and therefore personal jurisdiction was proper, finding:

> ...[Defendant] "is personally responsible ∴ because of his substantial personal control of the terms and conditions of the [] employees' work in [the forum]. He, no less than the corporations he owned, directed, and controlled, is personally liable for unpaid statutory wages to his employees. Consequently, his [forum]-connected acts that produced injurious effects to the [forum]-based employees cannot, as a matter of law or fact, be regarded as performed solely in his corporate capacity. *Id.* at 973.

*E.g.*, *Recinos-Recinos v. Express Forestry, Inc., et al.*, No. 05-1355, 2005 U.S. Dist. LEXIS 36871, at *13 (D. La. Oct. 5, 2005) (finding that defendants incorporated the subject company; served as the only corporate officers; and maintained control over employment, pay practices, payroll records, and all major business decisions).

The instant case is distinguishable from the foregoing in that Plaintiffs merely allege that by virtue of their positions as President and Vice-President, respectively; and by opening, operating, and running Benchmark; Defendants were "employers" under the FLSA. While Plaintiffs' allegations may be sufficient to state a claim under the FLSA, they are insufficient for establishing this Court's jurisdiction. To wit, Plaintiffs have failed to make any allegations regarding if and/or how Defendants have (i) deliberately engaged in any personal contacts with Missouri, and/or (ii) purposefully availed themselves of the privileges of conducting business activities therein. Accordingly, Plaintiffs have failed to establish Defendants' minium contacts with Missouri. *See Calder*, 465 U.S. at 790 ("Each defendant's contacts with the forum State must be assessed individually.") (citing *Rush v. Savchuk*, 444 U.S. 320, 332, 100 S.Ct., at 579) (in turn citing *International Shoe Co. v. State of Wash., Office of Unemployment Compensation and Placement, et al.*, 326 U.S. 310 (1945)).

*See also Donovan*, 747 F.2d at 973 n.10 (" 'jurisdiction over individual officers and employees of a corporation may not be predicated on the court's jurisdiction over the corporation itself, unless the individuals are engaged in activities within their jurisdiction that would subject them to the coverage of the state's long-arm statute.' ") (quoting 4 WRIGHT AND MILLER, FEDERAL PRACTICE AND PROCEDURE at 58-60 (1983)).

## II. *Time to Conduct Discovery*

Next, Plaintiffs urge that, at a minimum, they are entitled to conduct discovery on the jurisdictional issues.  *E.g.*, *Pohlmann v. Bil-Jax, Inc.*, 176 F.3d 1110,  1111, 1113, (8th Cir. 1999) (discovery on whether defendant was amenable to the personal jurisdiction of the state court and had been validly served prior to removal); *Radaszewski v. Contrux, Inc.*, 891 F.2d 672, 675 (8th Cir. 1989) (discovery regarding defendant's role in the alleged injury). Notwithstanding the foregoing, Plaintiffs have failed to make any specific allegations regarding Defendants' contacts with the forum, personal involvement in the alleged injury, and/or other possible sources for this Court's jurisdiction.  Accordingly, this Court declines to exercise further authority over the subject Defendants so as to permit a fishing expedition.  Point denied.

In accordance with the above-stated findings,

**IT IS HEREBY ORDERED** that Defendants' motion (Doc. #11) be, and is, **HEREBY GRANTED IN PART** and **DENIED IN PART**.  Defendant Harlan is **HEREBY DISMISSED** from this cause.  Defendants' request for attorneys' fees is denied.  Any further relief sought in Defendants' motion is **HEREBY DENIED** as moot.

**IT IS FURTHER ORDERED** that Defendants' motion (Doc. #27) be, and is, **HEREBY GRANTED IN PART** and **DENIED IN PART**.  Defendant Hunter is **HEREBY DISMISSED** from this cause.  Defendants' request for attorneys' fees is denied.

It is so Ordered.

Dated this 10th day of June, 2008.

_____

**SENIOR UNITED STATES DISTRICT JUDGE**